MELVA LOWRES, Plaintiff, *v.* FERGUS MOTORS, INC., Defendant.

City Court of City of New York, Special Term, New York County, December 7, 1944.

*Paul Wolfe* for defendant.

*Sidney Fass* for plaintiff.

PARELLA, J. Defendant moves to dismiss the second count of the complaint for insufficiency on its face.

It is alleged in the second count that " the defendant agreed, offered and attempted to sell and deliver to the plaintiff " a certain automobile at a price in excess of the maximum established under the regulations adopted by the Office of Price Administration under the authority of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*). Plaintiff seeks to recover " treble damages ", that is, three times the sum at which defendant " agreed, offered and attempted to sell and deliver " the automobile to plaintiff. However, there is no allegation that plaintiff actually paid anything to defendant.

The applicable statutory provision (Act, § 205, subd. [e]; U. S. Code, tit. 50, Appendix, § 925, subd. [e]) reads: " If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court."

It may be, I need not decide this now, that even though plaintiff has not paid the purchase price he may recover fifty dollars, because the agreement violated a regulation or price schedule, but I am clear that the provision for recovery of " treble the amount by which the consideration exceeded the applicable maximum price " applies only to a consideration actually paid — not to an agreed consideration which was not paid. I have not been able to find any case in which one who has not paid the excess over the ceiling price was allowed to recover triple damages as provided in the statute; it is a bizarre notion that he may do so. The sentence of the section next succeeding that above quoted indicates (if any such indication is necessary) that the Congress had in mind the payment of the consideration, not the agreement to pay, as the basis of recovery of triple damages. That sentence reads as follows: " For the purposes of this section the *payment or receipt* of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be." ■ (Italics supplied.)

The motion is granted. The second count is dismissed. Plaintiff has leave to amend if in fact she has paid the consideration; she may also sue for $50, if so advised.

Order signed.